STATE OF WEST VIRGINIA

**SUPREME COURT OF APPEALS**

**FILED**
November 4, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**DEBRA A. FISHER,**
**Claimant Below, Petitioner**

**vs.)    No. 14-1053** (BOR Appeal No. 2049414)
(Claim No. 2001002431)

**WHEELING HOSPITAL, INC.,**
**Employer Below, Respondent**

# MEMORANDUM DECISION

Petitioner Debra A. Fisher, by M. Jane Glauser, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Wheeling Hospital, Inc., by Jennifer B. Hagedorn, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated September 22, 2014, in which the Board affirmed the April 11, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's September 9, 2013, decision denying the request to add depressive disorder as a compensable condition. The Office of Judges reversed the claims administrators separate September 9, 2013, decision[1] and its September 11, 2013, decision that both denied adding post laminectomy syndrome as a compensable condition. The Office of Judges added post laminectomy syndrome as a compensable condition. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these

---

[1] The claims administrator denied the addition of post laminectomy syndrome as a compensable condition in the claim in September 9, 2013, and September 11, 2013, decisions. Both decisions were reversed by the Office of Judges in its April 11, 2014, Order, and post laminectomy syndrome was added to the claim. Ms. Fisher is not appealing this portion of the Order.

reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Fisher was working for Wheeling Hospital, Inc., when she slipped on a wet floor and injured her back. The claim was initially held compensable for lumbar sprain, and post laminectomy syndrome was later added as a compensable condition on April 11, 2014. On October 29, 2010, Steven Mills, M.D., completed a Diagnosis Update request and listed the diagnoses as primary lumbar sprain and secondary lumbar radiculopathy and depressive disorder. Dr. Mills stated on the request to see the attached report of John McFadden, Psy. D., regarding the relationship between the diagnosis of depressive disorder and the work injury. In Dr. McFadden's September 2, 2010, report detailing the results of his psychological evaluation of Ms. Fisher, he concluded that Ms. Fisher appeared to be free from any serious psychopathology. Dr. McFadden listed the only diagnosis as lumbar sprain. The claims administrator denied the request to add depressive disorder as a compensable diagnosis. It found that the medical document attached to the request did not diagnose depressive disorder or causally relate that condition to this claim.

The Office of Judges affirmed the claims administrator's decision and found that Ms. Fisher has not demonstrated that depressive disorder should be added as a compensable condition. The Board of Review affirmed the Order of the Office of Judges. Ms. Fisher argues that her treating physician, Dr. Mills, requested that depressive disorder be added as a compensable condition and that her depression did not manifest until after this injury. Wheeling Hospital, Inc., maintains that the denial of the condition of depressive disorder should be affirmed because there are no medical opinions by a mental health professional that Ms. Fisher suffers from this condition. Wheeling Hospital, Inc., further maintains that the diagnosis update from Dr. Mills requesting that a depressive disorder be added relied on the report of Dr. McFadden, but Dr. McFadden did not make a diagnosis of depressive disorder.

The Office of Judges found, according to the record, that Ms. Fisher has never been treated by a psychiatrist and has never been diagnosed by a psychiatrist or psychologist as suffering from a depressive disorder due to this injury or any other cause. Dr. Mills requested depressive disorder be added based upon Dr. McFadden's evaluation. However, Dr. McFadden did not make a diagnosis of depressive disorder. The Office of Judges concluded that the medical evidence available at this time does not demonstrate that a depressive disorder should be added as a compensable condition. The Board of Review agreed with the findings and conclusions of the Office of Judges.

This Court agrees with the conclusions of the Board of Review. Dr. Mills is the only physician of record to conclude that Ms. Fisher has depressive disorder and that it is related to the work injury. Dr. Mills did not explain how this diagnosis is related to this work injury but merely referred to Dr. McFadden's September 2, 2010, report for an explanation. However, Dr. McFadden never diagnosed Ms. Fisher with depressive disorder.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous

conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   November 4, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II